UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


BANK OF AMERICA, NATIONAL )
ASSOCIATION, )
 )
      Plaintiff, )
 )
v. ) No.: 3:14-CV-157-PLR-CCS
 )
WILLIAM L. HALL, JR., )
 )
      Defendant/Cross-Defendant, )
 )
STEVEN C. KOONS and SANDRA L. KOONS, )
 )
      Defendants/Cross-Plaintiffs )

## MEMORANDUM AND ORDER

This is an action filed by Bank of America, National Association (BOA) to quiet title to property located in Knox County, Tennessee. William L. Hall Jr.[1], Steven C. Koons and wife, Sandra L. Koons are defendants with an asserted interest in the property. This matter is before the court on the motion for partial summary judgment filed by BOA.

---

[1] Defendant William L. Hall, Jr., is not actively participating in this case, and no attorney has made an appearance on his behalf.

## I. Factual Background

Mr. and Mrs. Koons acquired property having the address of 11803 Couch Mill Road, Knoxville, Tennessee 37932, on September 10, 1999. On January 31, 2000, Mr. Koons borrowed $100,000 from Dynasty Homes, Inc. This loan was evidenced by a Promissory Note and Deed of Trust dated January 31, 2000, encumbering the property and also real property in Sevier County, Tennessee.

On February 18, 2003, the Koons obtained a loan in the amount of $322,700 from Countrywide Home Loans Inc., which loan was evidenced by a Promissory Note and Deed of Trust executed by Mr. and Mrs. Koons. BOA holds the Note payable to Countrywide. The Dynasty Deed of Trust was released of record on December 1, 2003, as to the Sevier County property, but was not released as to the Knox County property. Dynasty never commenced or threatened to commence any foreclosure proceeding under the Dynasty Deed of Trust.

On May 1, 2009, the Koons filed a Chapter 7 Bankruptcy Petition. Countrywide was listed as holding first and second mortgages on the property. Dynasty was not listed as holding a mortgage on the property. On June 11, 2009, the Bankruptcy Court lifted the automatic stay as to the property and abandoned the Trustee's interest therein. The Koons paid off the arrearages on the Countrywide loan. On August 24, 2009, the Bankruptcy Court granted a discharge to Mr. and Mrs. Koons.

After the Chapter 7 bankruptcy discharge, the Koons' payments on the Countrywide note became past-due and BOA began the foreclosure process, setting a foreclosure sale for September 1, 2011.

On August 31, 2011, Mr. Koons through counsel, discovered that the Dynasty Deed of Trust had not been released as to the property and appeared to constitute a first lien on the property. The Koons then filed for Chapter 13 bankruptcy protection. The Bankruptcy Court subsequently dismissed the Chapter 13 petition because of the Koons' failure to make payments. During this time, Mr. Koons negotiated a deal with Dynasty to purchase the Dynasty Note for $5,000. He enlisted defendant Hall to act as a "straw man," to purchase the Dynasty Note with money provided by Koons, foreclose on the property, thereby extinguishing the Countrywide Deed of Trust, and then convey the property back to the Koons. As part of this agreement, Mr. Koons agreed to pay any and all expenses associated with the foreclosure and conveyance of title.

On October 31, 2011, Dynasty sold and delivered the Dynasty Note to Hall for $5,000, which Koons provided. Dynasty also executed and delivered an Assignment of Deed of Trust to Hall. On November 10, 2011, Hall executed an Appointment of Successor Trustee, designating Lacy, Price & Wagner as Successor Trustee under the Dynasty Deed of Trust.

On March 5, 2012, Hall executed an Appointment of Successor Trustee, designating Bradley H. Hodge as Successor Trustee under the Dynasty Deed of Trust. On April 5, 2012, Hodge, as successor trustee, conducted a foreclosure sale under the Dynasty Deed of Trust. Hall was the highest and best bidder, with a credit bid price of $250,000.

Two years later, on April 21, 2014, BOA filed the instant suit to have the Dynasty Deed of Trust and the April 2012 Trustee's Deed to Hall declared null and void, and the

3

Countrywide Deed of Trust declared a valid lien on the Koons' property. In support of its position, BOA asserts by the time of the April 2012 foreclosure sale, the Dynasty Deed of Trust had lapsed under Tenn. Code Ann. § 28-2-111, Tennessee's ten-year statute of limitations applicable to deeds of trust and other liens on real property.

In response, the Koons assert that despite BOA receiving notice of Hall's foreclosure in March 2012, BOA did nothing to protect its interest in the property other than have its foreclosure counsel make a claim against the title insurance policy. BOA did not voice an objection to or attend the foreclosure sale, and therefore, should be denied the relief it seeks.

## II. Standard for Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Initially, the burden is on the moving party to conclusively show that no genuine issues of material fact exist. *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make

a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id*. at 323.

The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question; but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter summary judgment. *Id.; Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. Discussion

BOA asserts that the Dynasty Deed of Trust was barred and discharged as of February 1, 2011, by reason of the statute of limitations set forth in Tenn. Code Ann. § 28-2-111.

The Koons respond that the debt secured by the Dynasty Deed of Trust continued to be extended into 2005 and 2006; therefore, Hall's foreclosure action fell within the ten-year statute of limitations. Further, the Koons assert BOA did nothing to assert its

interested in the property when it received notice of Hall's foreclosure sale, and should be estopped from maintaining any action under the Countrywide Deed of Trust.

Tenn. Code Ann. § 28-2-111(a) provides that liens on realty including deeds of trust shall be barred, and the liens discharged, unless suits to enforce the same are brought within ten (10) years from the maturity of the debt. In the case of a deed of trust, there are only three ways to avoid this bar, each of which must be effected before the ten-year period has run: (1) the mortgagee may commence an action to enforce the deed of trust under Tenn. Code Ann. § 28-2-111; (2) the mortgagee and mortgagor may execute and record a written extension of the lien in the appropriate register's office, pursuant to Tenn. Code Ann. § 28-2-111(c); or (3) the trustee under the deed of trust may complete a nonjudicial foreclosure sale under Tenn. Code Ann. § 47-9-607(b). Contrary to the Koons' position, absent a duly recorded extension, a renewal of the secured note will not extend the ten-year period. *McElwee v. McElwee,* 37 S.W. 560 (1896); *Runnells v. Jacobs,* 45 S.W. 980 (1898), nor will a payment of principal or interest thereon. *Slaughter v. Slaughter,* 922 S.W.2d 115 (Tenn.Ct.App. 1995).

Here, the Dynasty Note is dated January 31, 2000, and its term "is for twelve (12) months." Section 4 of the Note states that, "[at] the expiration of the term of this Note, all remaining principal and accrued interest shall immediately become due and payable." Further, the Deed of Trust recites a maturity date of "1-31-2001" for the Note. Under the plain language of Tenn. Code Ann. § 28-2-111(a), action on the Note was barred after February 1, 2011 (ten years after maturity of the Note). The Koons argue that the automatic stay arising from their Chapter 7 bankruptcy filing tolled the statute. Their

6

argument is without merit. The Tennessee Supreme Court has held that "there is no provision under Section 25-5-106 or any other state statute for the suspension or extension of the judgment lien enforcement period when a bankruptcy proceeding has stayed action against property subject to a lien." *Weaver v. Hamrick,* 907 S.W.2d 385, 391. Nor does Tenn. Code Ann. § 28-2-111 contain such a provision tolling the statute.

The Koons also argue that under the "future advance clause" of the Dynasty Note, they obtained one or more additional advances from Dynasty, and that, at least as to those advances, the original February 1, 2011 bar date was extended to a date ten years after the maturity date of the last maturing future advance. This argument is not supported by the record. The Dynasty Deed of Trust does have a future advance rider appended to it referring to "future advances pursuant to the Promissory Note executed simultaneously herewith." However, the only copy of the Dynasty Note in the record (an unsigned copy), does not contain a future advance clause. By the terms of the future advance rider, the only future advances that could be secured under the Deed of Trust would be future advances made pursuant to the Dynasty Note, but the Note itself makes no provision for future advances.

Moreover, the Koons have produced no evidence to support their claim of future advances. To establish a genuine issue as to the existence of a particular element, a party must point to evidence in the record upon which a reasonable finder of fact could find in his favor. *Liberty Lobby*, 477 U.S. at 248. The Koons have not pointed to any evidence in the record to establish that future advances were made to them under the Dynasty Note. *See In re Payne,* 523 B.R. 560, 578 (Bankr. E.D.Tenn. 2014) (holding that if a

7

deed of trust secures future advances, and if the parties wish to provide a maturity date for those advances later than that set forth for the original secured obligation, the deed of trust must contain a specific maturity date or latest possible maturity date for future advances. Otherwise, Tenn. Code Ann. § 28-2-111 would not serve its purpose of quieting title).

The Koons' affirmative defenses – waiver, laches, unclean hands, and estoppel – may be applicable in an action by BOA to enforce the Countrywide Note and Deed of Trust, but these arguments have no relevance to whether the foreclosure sale to Hall was void *ab initio*. Those issues remain for another day.

## IV. Conclusion

In light of the above discussion, the Court finds, as a matter of law, that the Dynasty Deed of Trust was time-barred after February 1, 2011, and the foreclosure sale to Hall under that Deed of Trust is null and void. Thus, the Countrywide Deed of Trust constitutes a lien on the property, which may be enforced. Accordingly, BOA's motion for partial summary judgment [R. 30] is **GRANTED.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

8

Case 3:14-cv-00157-PLR-CCS   Document 69   Filed 12/02/15   Page 8 of 8   PageID #: 605